# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

RYAN ALLEN,

                   Petitioner,     :           Case No. 3:25-cv-354

    - vs -                               District Judge Walter H. Rice
                                         Magistrate Judge Michael R. Merz

WARDEN,
 Madison Correctional Institution,

                                            :
         Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Ryan Allen pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Stay/Suspend Sentence and Release on Bond (ECF No. 5), Petitioner's Renewed Motion to Stay/Suspend Sentence (ECF No. 11), and Petitioner's Objection to Respondent's Motion for Extension of Time and Second Renewed Motion for Bail (ECF No. 14).

The Magistrate Judge reference in this case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 15).

**Extensions of Time to Answer**

Petitioner's Objection to Respondent's request for an extension of time is moot because

1

Magistrate Judge Silvain has already granted that Motion (ECF No. 13).  Petitioner suggests in his Objection that Respondent has had ample time to prepare an answer, in part because they had these requisite documents before he filed his Petition.  Just for Petitioner's information and to support Judge Silvain's grant of the extension, the Attorney General's office, which represents Respondents in habeas corpus cases, does not ordinarily have the required records before a petition is filed.  Rather, those records are in the hands of Clerks of Court who are independently elected public officials not directly subordinate to the Attorney General.  Depending on how busy their particular court is, they may have more urgent work on currently pending cases in which their judges are bound by the strict limits of the Ohio Speedy Trial Act, Ohio Revised Code § 2945.71.  While Clerks are usually cooperative with the Attorney General, that is not uniformly the case.  In any event, it is not unusual for the Attorney General to seek and to obtain the amount of time allowed by the Court in this case.

**Applications for Bail**

Petitioner has now three times asked the Court for temporary relief from his present confinement.  In the first application, he relies on *Bliss v. Lockhart*, 891 F.2d 1335 (8th Cir. 1989); *In re Wainright*, 518 F.2d 173 (5th Cir. 1975); *LaFrance v. Bohlinger*, 487 F. 2d 506 (1st Cir. 1973).  In the second application, he adverts to a case pending before the Ohio Second District Court of Appeals apparently having to do with violation of community control conditions, although no documents have been provided to the Court.  In his third application (labeled Second Renewed Request") adds no new authority, but claims many cases such as his across the country have been

2

reversed on the basis of *Counterman v. Colorado,* 600 U.S. 66 (2023).

Respondent opposes Petitioner's release on bail, albeit recognizing the Court's authority to grant release pending decision. Respondent asserts Petitioner's claims may be procedurally defaulted by his failure to raise them in the trial court. The Warden claims *Counterman* is not clearly in point and in any event Allen has not shown any extraordinary circumstances warranting bond.

A district court has authority to enlarge a state prisoner pending determination of his or her petition for writ of habeas corpus under 28 U.S.C. § 2254. *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964; Justice Douglas in chambers). However, it is appropriate to exercise that authority only upon a showing that a petitioner's claim is both substantial and clear on the merits. *Glynn v. Donnelly*, 470 F.2d 95 (1st Cir. 1972); *Calley v. Callaway*, 496 F.2d 701 (5th Cir. 1974).

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J., in chambers); see *Martin v. Solem,* 801 F.2d at 329-330; *Iuteri v. Nardoza*, 662 F.2d at 161. There will be few occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). See also *United States v. Somerset*, 2009 WL 365658 (S.D. Ohio Feb. 6, 2009). A prisoner seeking bail pending review of his habeas petition must, among other requirements, convince the district court that exceptional circumstances and the "interests of justice" warrant relief. *Pouncy v. Palmer*, 993 F.3d 461, 463, citing *Dotson at 79 v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). It will be the rare occasion when an inmate will be able to satisfy this standard. *Id.* A bail ruling is reviewed for abuse of discretion. *Pouncy* at 463, citing

3

*See United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002).

The Magistrate Judge agrees with Petitioner that his claim is substantial.  As the undersigned understands that claim, it is that Petitioner is being punished by conditional and then actual imprisonment for speech which on its face did not threaten anyone with violence.  A claim that this violates the First Amendment requires the attention of the federal courts much more than, say, an inquiry of whether a police officer detained a drug suspect too long in violation of the Fourth Amendment before finding the drugs.  See *Stone v. Powell*, 428 U.S. 465 (1976).

However, the merits of Petitioner's claim are not clear.  *Counterman* is not directly in point because, as Respondent points out, Petitioner was convicted of violating a protection order to which he had agreed as part of a divorce decree, whereas Counterman was convicted of violating a stalking statute.

Furthermore, Petitioner has not shown any extraordinary circumstances justifying bail.  In particular, his claim will not become moot if he reaches the end of the sentence he is presently serving if his release is conditioned on his continuing to comply with the conditions of his release in the first instance.  A person on community control is sufficiently in custody to warrant continued habeas corpus jurisdiction. *Miskel v. Karnes*, 397 F.3d 446 (6th Cir. 2005); *Tiitsman v. Black*, 536 F.2d 678 (6h Cir. 1976); *United States ex rel Baker v. Finkbeiner*, 551 F.2d 180 (7th Cir. 1977); *United States ex rel. Rybarik v. Maroney*, 406 F.2d 1055 (3rd Cir, 1969).  "Individuals subject to post-release control, like individuals subject to supervised release in the federal system, satisfy  the 'in custody' requirement." *Nian v. Warden,* 994 F.3d 746 (6th Cir.  2021), quoting *In re Stansell, 828 F.3d 412, 416 (6th Cir. 2016).*

Petitioner's Motions for Release on bond are DENIED.

IT IS SO ORDERED.

March 12, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge