**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**


RYAN ALLEN,

                             Petitioner,     :        Case No. 3:25-cv-00354

    - vs -                                     District Judge Walter H. Rice
                                             Magistrate Judge Michael R. Merz

WARDEN,
 Madison Correctional Institution,


                            Respondent.   :

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---


This habeas corpus case, brought *pro se* by Petitioner Ryan Allen under 28 U.S.C. § 2254, is before the Court, on Petitioner's Objections (ECF No. 29) to the Magistrate Judge's Report and Recommendations (ECF No. 28).  District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 30).  Respondent has not replied to the Objections and the time for doing so has elapsed.  The Objections are therefore ripe for consideration.


## Analysis


Petitioner is serving a sentence imposed on him for violating a condition of community control.  He was subject to community control because a jury had convicted him on two counts of

1

violating a civil protection order which is a violation of Ohio Revised Code § 2919.27(A)(1) and, in a separate case, he had pleaded no contest to one count of violating the same statute.  For those three convictions, the trial judge had sentenced him to community control.  After an adult probation officer reported a violation, the trial judge revoked community control and sentenced Petitioner to the term of imprisonment he is now serving and from which he seeks relief.

**First Amendment Argument**

In his Petition, Allen asserts his current sentence violates his Ohio and federal constitutional rights to freedom of speech.  He does not dispute that his conduct – calling his ex-wife's employer, the Sheriff of Clark County – violated the literal terms of his probation.  Rather he asserts the condition itself is unconstitutional.

The Report does not contain any analysis of Ohio constitutional law because federal courts in habeas are limited to deciding whether a conviction violates the United States Constitution. *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

The Report found Allen had waived any constitutional claim about speech limitations in the original protection order, and by extension in the community control conditions, by expressly agreeing to them.  Petitioner objects that "Statutory rights conferred on private parties cannot be waived if those rights affect the public interest and if their waiver would contravene the statutory policy. " (Objections, ECF No. 29, PageID 1779, citing *Brooklyn Sav. Bank v. O''Neill,* 324 U. S. 697 (1945)).

In that case the Supreme Court held the rights to a minimum wage and overtime compensation  conferred by Congress in the Fair Labor Standards Act could not be waived except

2

perhaps in settlement of a genuine dispute about amounts owing.  As to this case, the Report makes no assertion that Petitioner gave up his First Amendment rights generally by agreeing to this particular restriction of those rights.  Rather it was made as part of the settlement of a divorce case and the waiver was quite limited.

Additionally, there is a valid distinction between giving up rights as part of the settlement of litigation and Petitioner's further claim that complying with the same limitations on his speech could not be validly imposed on his conduct after his conviction of the crime of violating the civil protection order.  The purpose of probation conditions is to get the defendant to reform his behavior.  There is no Supreme Court precedent forbidding as a condition of probation the very conduct which resulted in conviction in the first place.

### *RES JUDICATA*

The Report concluded that the Petition did not state a claim upon which relief could be granted because the First Amendment did not forbid the limitations on speech which Allen's conditions of community control imposed.  Petitioner's objections to that portion of the Report are discussed above.

The Report also concluded Petitioner's claim was precluded by procedural default.  That is, the conditions of which he complains had been imposed on him by the trial court and he had not appealed. Because he could have appealed and did not, the Second District Court of Appeals held his challenge was barred by *res judicata*.  *State v. Allen*, 2025-Ohio-1567 ¶¶ 24-26 (Ohio App. 2d Dist. May 5, 2025), app. juris. declined, *State v. Allen*, 179 Ohio St.3d 1492 (2025).

This holding provokes Allen to accuse the Court of enacting a police state:

3

> Second, Merz decides that *res judicata* is to be so rigidly applied that any argument showing how transparently invalid these conditions are - both the DVCPO and the community control conditions - is completely barred from review. Well, that solidifies it. Ohio citizens must now completely settle with the fact that a protection order and/or community control conditions can completely foreclose the fervently protected and legal acts of reporting allegations of misconduct or complaining to public offices; simply upon the whim of an inferior court that contrarily has a duty to the Constitution's supremacy clause. **The police state is now in full effect.**

(Objections, ECF No. 29, PageID 1783, emphasis supplied).

On the contrary, it was not the undersigned who decided *res judicata* was to be applied here, but the Second District Court of Appeals. For the proposition that *res judicata* is not to be rigidly applied, Allen cites *State ex rel. Hicks v. Adams Cnty. Bd. Of Elections*, 2026-Ohio-1274 (2026). That is a statement of Ohio law generally which instructs lower Ohio courts how to apply the doctrine. The Court is unaware of any authority from the Ohio Supreme Court which instructs federal courts it is acceptable to ignore an Ohio appellate court's *res judicata* finding. The *Hicks* Court also explained

> The "main legal thread" running through this court's decisions related to the applicability of res judicata is "the necessity of a fair opportunity to fully litigate and to be 'heard' in the due process sense." *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 200-201, 443 N.E.2d 978 (1983). A party seeking to overcome the application of res judicata must demonstrate that it did not have an opportunity to obtain a full and fair adjudication of its claim in the prior proceeding. *See AJZ's Hauling* at ¶ 19.

*Id.* at ¶ 41. In the instant case Allen had the same right everyone who loses in an Ohio trial court: to appeal to the relevant regional court of appeals. Here Allen did not appeal at all. He did not even attempt to show he did not have an opportunity to litigate his claim in the prior proceeding.

**Conclusion**

Having reconsidered the case in light of the Objections,  the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 15, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.