# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RYAN ALLEN,

Petitioner, : Case No. 3:25-cv-00354

- vs - District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

WARDEN,

Madison Correctional Institution,

:

Respondent.

## DECISION AND ORDER

This habeas corpus action under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion to Take Judicial Notice (ECF No. 33). Petitioner asks the Court to take judicial notice of what he describes as an "an inadvertent error that was submitted in his last filing on 2 July 2026, ECF No.32, that was a response to Magistrate Judge Michael Merz's supplemental report and recommendation ECF No. 31."

The undersigned filed a Supplemental Report and Recommendations on June 15, 2026 (ECF No. 31). Petitioner timely objected on July 2, 2026 (ECF No. 32). In that document Petitioner wrote:

> Second, it is to be noted that in Merz's last report he brought up the word "hypothetical" when Petitioner described certain questionable measures that the original protection order may prohibit. Well, the

> "hypothetical" claim simply is no longer that; because after Petitioner commissioned the Reckoning Project - a legal group based out of Georgetown Law - and an investigator from DePere, Wisconsin to investigate his cases, he has now been indicted for violating the same overbroad conditions of a protection order. See *Clark County Common Pleas Court, Case No. 26-CR-0343*. The State's foundation for this newest charge: Petitioner "caused or encouraged another" to contact the Clark County Sheriff's Offices when a third-party submitted perfectly legal public records requests.

Response, ECF No. 32, PageID 1804. Petitioner seems to now be asserting in the instant Motion that his currently pending indictment in Clark County Case No. 26-CR-343 is **not** based on a claim that he caused or encouraged some other person to contact the Clerk County Sheriff's Office, but rather on Allen's own contact with the Sheriff by letter in March of this year stating in part "This correspondence shall serve the dual purpose of a reasonable request for negotiation prior to or Final Notice of imminent legal action brought forth against you and various to-be-named individuals employed by your department." Petitioner's ex-spouse, Morgan Allen, who is the subject of the protection order whose violation resulted in the conviction at issue in this case, is mentioned among others as possible defendants.

Judicial notice is governed by Fed. R. Evid. 201 which provides for the taking of judicial notice of facts which are generally known in the jurisdiction or can be shown from sources whose accuracy cannot be reasonably questioned. Nothing in Petitioner's Motion or the attachment qualifies and the Motion it accordingly denied.

On the other hand, although he chose an inappropriate evidentiary vehicle for doing so, the Court appreciates Petitioner's having corrected his assertion in his Objections. The correction, however, relates to Petitioner's present case which is not before this Court. This case is concerned only with the conviction on which petitioner is currently serving a sentence.

The Motion for Judicial Notice is denied.

August 18, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge