IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RYAN ALLEN,

Petitioner,

v.

WARDEN, MADISON CORRECTIONAL INSTITUTION,

Respondent.

:

:

:

Case No. 3:25-cv-354

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #28) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #31), OVERRULING ALL OBJECTIONS OF PETITIONER RYAN ALLEN THERETO (DOCS. #29 AND 32) AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (DOC. #1); JUDGMENT TO ENTER IN FAVOR OF RESPONDENT WARDEN, MADISON CORRECTIONAL INSTITUTION, AND AGAINST PETITIONER; PETITIONER DENIED A CERTIFICATE OF APPEALABILITY AND RIGHT TO APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

---

This matter is before the Court on Magistrate Judge Michael R. Merz's Report and Recommendations, Doc. #28, Supplemental Report and Recommendations, Doc. # 31, and the Objections thereto of Petitioner Ryan Allen. Docs. #29, 32. This Court has reviewed said Reports, the applicable law, and the Objections thereto, and has conducted a thorough *de novo* review of the Petition for Writ of Habeas Corpus, state court record and exhibits, return of writ, Petitioner's Reply, related filings, as well as the applicable law. Docs. #1, 17, 18, 23, 27.

For the reasons set forth below, the Court adopts all Reports and Recommendations and OVERRULES all Objections thereto, and, in doing so, DISMISSES the Petition.

## I. Factual and Procedural Background

Factual findings by a state court "shall be presumed to be correct," unless rebutted "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Petitioner's basis for seeking relief is based on arguments addressing the correct legal principles to be applied, not on an argument that the facts found by the state court are incorrect. Because Petitioner has not provided any evidence to rebut the presumption of correctness, this Court adopts the factual record as presented by the Ohio Second District Court of Appeals.

In summarizing the evidence submitted at trial and the facts underlying Petitioner's convictions, the Second District presented the facts as follows:

> [*P2] In June and August 2022, Allen was indicted in Clark C.P. Nos. 22-CR-508 and 22-CR-680, respectively, with one count each of violating a protection order, felonies of the fifth degree. The indictments arose from two emails Allen sent to employees of the Clark County Sheriff's Office regarding his ex-wife, who was an employee of the office, in violation of a protection order his ex-wife had obtained against him. These cases were consolidated at Allen's request due to the alleged violations involving the same protection order and the same protected party.
>
> [*P3] On July 5, 2022, Allen was also indicted on one count of violating a protection order, a felony of the fifth degree, in Clark C.P. No. 22-CR-547(A). This case involved an unrelated protection order and a different protected party.
>
> [*P4] Following a jury trial in Case Nos. 22-CR-508 and 22-CR-680, Allen was convicted on both counts as charged. On February 9, 2023,

the trial court sentenced Allen on each count to community control sanctions for a term of five years. Certain special conditions of community control were also imposed by the trial court, which included requirements that Allen: engage in no contact, directly or indirectly, with his ex-wife; abstain from posting on social media; abstain from communicating with any media; and abstain from saying anything derogatory about his ex-wife or the Clark County Sheriff's Office. Allen was further ordered to serve six days in jail with credit for time served, and the trial court reserved 12 months in prison in each case to be served consecutively if Allen were to violate his community control sanctions. Allen timely appealed.

[*P5] While his appeal was pending, Allen entered a no contest plea and was found guilty as charged in Case No. 22-CR-547(A). On April 3, 2023, the trial court sentenced Allen to community control sanctions for a period of five years and imposed additional special conditions, which included an order that Allen "[c]omply with all community control conditions" set forth in Case Nos. 22-CR-680 and 22-CR-508, as "incorporated by reference herein." Allen was further ordered to serve 60 days in jail, and the trial court reserved 12 months in prison if Allen were to violate his community control sanctions. Allen did not appeal from the judgment entry of conviction in that case.

[*P6] While Allen's appeal from Case Nos. 22-CR-508 and 22-CR-680 was pending, Allen's probation officer filed an affidavit alleging a community control violation against Allen. According to the probation officer's affidavit, Allen violated his community control sanctions when he was heard during a jail telephone conversation encouraging a family member to contact the media or utilize social media by saying, "If anybody wants to start telling the story, they can. However, they want to tell it. If you catch my drift. I think a little public outcry might be a thing."

[*P7] An amended affidavit was later filed alleging two additional community control violations. The second violation alleged that during a scheduled visitation appointment, Allen had shown a video to his daughter of his ex-wife disciplining her. The final violation alleged that Allen had filed an FBI report alleging that his ex-wife was harassing him by having Beth Hollingsworth, a deputy for the Clark County Dog Warden, surveille Allen to obtain information for his ex-wife. All three violations were alleged in each of Allen's three cases, constituting three separate violations per case.

[*P8] On August 10, 2023, following a revocation hearing, the trial court issued a decision finding Allen in violation of his community control sanctions. In its decision, the trial court applied at least some of the special conditions it had imposed with respect to Allen's community control. (As discussed below, we later found some of these conditions to be overbroad in *State v. Allen*, 2023-Ohio-3655 (2d Dist.) ("*Allen I*").) For the first violation, the court found that Allen had violated the special condition that he abstain from using social, conventional, or any other media or, in this case, soliciting another (his sister) to do so on his behalf. For the second violation, the court found that the video that Allen had allegedly shown his daughter was not presented at the hearing, and therefore there was insufficient evidence to warrant a finding that he had violated his community control on that basis. For the third violation, the court found that Allen had violated the special condition that he leave his ex-wife alone, abstain from saying anything derogatory about his ex-wife, and cease and desist from any further harassment of his ex-wife when he filed a report with the FBI after witnessing Hollingsworth, while in uniform in her county vehicle, photograph his car outside his residence. Based on the trial court's decision, Allen's community control sanctions were revoked, and he was sentenced to prison for a period of 12 months in each case to be served consecutively, for a total stated prison term of 36 months. Allen timely appealed.

[*P9] On October 6, 2023, we issued our decision in *Allen I*. We agreed with some of Allen's arguments and concluded that some of the special conditions of community control imposed by the trial court were unreasonably overbroad. We first concluded that the no contact order with his ex-wife, which provided no exceptions, unreasonably interfered with Allen's right to see his daughter. The condition, as imposed, prohibited Allen from using an app approved by the domestic relations court to communicate with his ex-wife to facilitate parenting time. *Id.* at ¶ 46.

[*P10] We also concluded that the prohibition on Allen posting anything on social media was overbroad. We suggested that the trial court impose an alternative restriction prohibiting Allen from posting anything on social media related to his ex-wife or the sheriff's office's employment relationship with her. *Id.* at ¶ 48. We likewise concluded that the prohibition on Allen communicating with the media was overbroad and suggested a similar alternative restriction; again, a limitation on communicating with the media for anything related to his

ex-wife or the sheriff's office's employment relationship with her. *Id.* at ¶ 49.

[*P11] Finally, we concluded that the community control sanction prohibiting Allen from saying anything derogatory about his ex-wife or the sheriff's office was unreasonably overbroad. *Id.* at ¶ 50. We stated that, "In our view, the ends of community control readily may be served by an additional restriction prohibiting Allen from *publicly* saying anything derogatory about his ex-wife or her employer." (Emphasis in original.) *Id.*

[*P12] We remanded the cases to the trial court solely for resentencing "to reimpose the challenged special conditions of community control consistent with the guidance provided herein." *Id.* at ¶ 60. We affirmed the trial court's judgment in all other respects. *Id.*

[*P13] While Allen's second appeal was pending, the trial court received our mandate in *Allen I.* On February 20, 2024, the trial court narrowed three of Allen's community control sanctions in accordance with this court's order in Allen I to state the following:

> 5. Abstain from posting anything on social media related to the victim or the Clark County Sheriff's Office's employment relationship with her;
>
> 6. Abstain from communicating with any media related to the victim or the Clark County Sheriff's Office's employment relationship with her;
>
> 7. Abstain from publicly saying anything derogatory about the victim or Clark County Sheriff's Office.

Judgment Entry of Conviction (Feb. 20, 2024), p. 1. Allen did not file an appeal from that judgment.

[*P14] On July 3, 2024, we decided Allen's second appeal. *State v. Allen*, 2024-Ohio-2549 (2d Dist.) ("*Allen II*"). We concluded that, "given our prior finding that certain special conditions of community control imposed by the trial court were unreasonably overbroad *after* the trial court applied those sanctions to the revocation of Allen's community control sanctions, we must reverse the trial court's judgments and remand for the trial court to apply the narrowed sanctions to Allen's alleged community control violations." (Emphasis in original.) *Id.* at ¶ 3. Accordingly, we reversed the trial court's judgments and remanded

> the cases for the trial court to consider "any alleged community control violations by Allen in light of the narrowed community control conditions set forth in *Allen I*." *Id.* at ¶ 19.
>
> [*P15] On July 24, 2024, pursuant to this court's *Allen II* decision, the trial court reconsidered the evidence presented at the original revocation hearing and found that Allen had violated the trial court's more narrowly tailored special conditions. On August 9, 2024, the trial court ordered that Allen's community control sanctions were continued with all original conditions, subject to the narrowing of the specified conditions, plus the additional condition that he serve 432 days in jail or the Ohio Department of Rehabilitation and Correction. Allen was granted credit for 432 days already served and was released from custody.

Doc. #17, PageID #651–57.

On October 20,2025, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. Doc. #1. In his Petition, he argues that the state court's community control conditions impermissibly amounted to unconstitutional prior restraints on his First Amendment free speech rights. The Magistrate Judge reviewed his Petition and recommended dismissing it on several grounds: (1) that, assuming the community control restrictions were unconstitutional, Petitioner invited the error by willingly consenting to its implementation, waiving any right to challenge it after the fact; (2) that he failed to raise the issue in the state court proceedings and has waived the ability to argue it for the first time in a habeas petition; and (3) That Petitioner cannot maintain a selective prosecution theory, because prosecutors are under no obligation to charge each and every crime available against a defendant. Doc. #28.

Petitioner filed objections to the Magistrate Judge's Report and Recommendations. Doc. # 29. In his objections, Petitioner impugns the character of the Magistrate Judge and engages in a lengthy explanation as to his perceived injustice that would result if his Petition were dismissed. In light of Petitioner's objections, this Court recommitted the matter to the Magistrate Judge for a Supplemental Report and Recommendations. Doc. #30.

The Supplemental Report and Recommendations was filed on June15, 2026, again recommending dismissal of the Petition on the grounds that he was failed to state a valid First Amendment violation and because he failed to raise the issue in his state court proceedings, forfeiting the right to bring it here. Doc. #31. Petitioner again filed objections, arguing that the community control condition with which he was ordered to comply violates the spirit of the First Amendment as well as the 2023 United States Supreme Court decision in *Counterman v. Colorado*, 600 U.S. 66 (2023).

The petition is ripe for decision.

## II. Analysis

In reviewing both the initial and the supplemental report and recommendations, as well as the objections filed by Petitioner, the Court is compelled to agree with the analysis of the Magistrate Judge. Petitioner's claim rests on the notion that the community control condition with which he was

required to comply was unconstitutional because it violated his First Amendment right of freedom of speech.

One common roadblock that petitions for habeas corpus run into is the statutory requirement that an "application for a writ of habeas corpus . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Federal courts deem that a petitioner has failed to exhaust his state court remedies, thus precluding a writ of habeas corpus, where "(1) there is a state procedural rule that is applicable to the claim, (2) the petitioner failed to comply with the rule, (3) the state courts routinely enforce the rule, and (4) the rule is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Whitman v. Gray*, 103 F.4th 1235, 1238 (6th Cir. 2024).

Here, the presence and application of the state court procedural rule is clear: "claims must be raised on direct appeal if possible; otherwise res judicata bars their litigation in subsequent state proceedings." *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000). Moreover, this rule is routinely enforced and constitutes an adequate and independent state ground which, if applied, forecloses habeas review of petitioner's claim. *Whitman*, 103 F. 4th at 1239. The state court record unequivocally shows that Petitioner did not attempt to raise the issue on direct appeal, in contravention of the state procedural rule. Moreover, the Court here need not analyze whether Ohio courts would apply res judicata to his claim because the

2nd District Court of Appeals expressly found it appropriate. *State v. Allen*, 2025-Ohio-1567 (Ohio App. Ct. May 5, 2025) ("*Allen III*") ("Because Allen could have challenged the constitutionality of his narrowed community control sanctions on direct appeal from the trial court's February 20, 2024 imposition of his narrowed sanctions, but chose not to do so, res judicata bars him from raising such issues on appeal from the judgment finding him in violation of his narrowed community control sanctions.").

Therefore, the Court finds that Petitioner procedurally defaulted on his claim of unconstitutionality of community control conditions by failing to challenge them on appeal after the imposition of the conditions. For that reason, the Court adopts both the Initial and Supplemental Report and Recommendations submitted by the Magistrate Judge and Dismisses the Petition for Habeas Corpus.

## III. Conclusion

Based on the reasoning set forth above, this Court ADOPTS the Initial and Supplemental Reports, Docs. #28 & 31, in their entireties and OVERRULES Petitioner's objections thereto. Docs. #29 & 31.

The Court herein dismisses the case for lack of a cognizable claim for habeas relief under 28 U.S.C. § 2254. Judgement will enter in favor of the Respondent and against Petitioner.

As Petitioner has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and reasonable jurists would not

disagree, he is denied a certificate of appealability. On that basis, this Court certifies to the United States Court of Appeals for the Sixth Circuit that any appeal would be objectively frivolous and recommends that Petitioner be denied leave to proceed on appeal *in forma pauperis*.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: August 18, 2026

Walter H. Rice

WALTER H. RICE
UNITED STATES DISTRICT JUDGE