**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

RYAN ALLEN,

Petitioner, : Case No. 3:25-cv-00354

- vs - District Judge Walter H. Rice
Magistrate Judge Michael R. Merz

WARDEN,
Madison Correctional Institution,

:

Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus action under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion to Alter or Amend the Judgment (ECF No. 37). The Motion is explicitly made under Fed.R.Civ.P. 59(e) and is timely because filed within twenty-eight days of the judgment in question, ECF No. 36, which effected Judge Rice's Decision and Order (the "Decision," ECF No. 35).

Having been filed after judgment, the Motion is deemed referred to the assigned Magistrate Judge for report and recommendations. For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"*Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ*. 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp*., 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv*., 616 F.3d 612, 615 (6th Cir. 2010).

Petitioner has suffered a number of imprisonments as a result of his convictions for violating a protection order. He now makes it clear that this habeas action "habeas action has always been about the original constitutionally infirm conviction and sentence for the protection order violation(s)." (Motion, ECF No. 37, PageID 1828).

While Allen does not provide a State Court Record reference for the "original conviction," the referenced conviction is in Clark County Cases numbered 22-CR-508 and 22-CR-680, on which a Clark County grand jury indicted Allen on two counts of violating a protection order as prohibited by Ohio Revised Code § 2919.27 and 2919.27(A)(1) respectively. After a petit jury convicted him on those charges, he was sentenced to five years community control on condition that he

> 1. Comply with all rules and regulations set forth by the Clark County Adult Probation Department;

2. Serve six (6) days in the Clark County Jail with credit from June 22, 2022, to June 27, 2022;

3. Maintain full-time employment, continue education, or engage in some combination thereof;

4. Engage in no contact, directly or indirectly, with the victim;

5. Abstain from posting anything on social media;

6. Abstain from communicating with any media;

7. Abstain from saying anything derogatory about the victim or Clark County Sheriff's Office (CCSO);

8. Comply in full with all child support orders; and

9. Pay court costs.

(Entry, State Court Record, ECF No. 17, Ex. 8, PageID 90). In a separate case, 22-CR-547(A) Allen was convicted on his plea of no contest to violating the same protective order and placed on community control with the same conditions. It is unclear from the Motion whether Allen intends to include this conviction.

On appeal the Second District accepted Allen's argument that some of these conditions were overbroad. They were revised on remand and Allen did not appeal.

In 2023 the Clark County Probation Department charged Allen with violating his community control conditions. On September 14, 2023, the Common Pleas Court found that the violations had occurred, revoked community control, and sentenced Allen to thirty-six months imprisonment (Entry, State Court Record, ECF No. 17, Ex. 37).

Allen filed his Petition on October 14, 2025, by placing it in the prison mail system that date (Petition, ECF No. 1, PageID 13). He did not use the standard form required by Habeas Rule 2, but rather a narrative form. By his account, the sentence he was serving at the time of filing

was imposed on March 17, 2025, for violating the narrowed community control conditions. *Id.* at PageID 5.

In the Petition, Allen asserted the conditions of community control imposed on him were unconstitutional under *Counterman v. Colorado,* 600 U.S. 66 (2023). *Id.* at PageID 9. He further asserted that *Counterman* had been held to apply retroactively. *Id.* at PageID 9, citing *In re Rendelman*, 124 F.4th 248 (4th Cir. Feb. 21, 2025).

Respondent defended on the basis of the invited error doctrine: Petitioner consented to the protection order he was convicted of violating and did not appeal from the judgment imposing it. As noted in the original Report and Recommendations, Petitioner did not "disclaim his consent to the protection order or contest the jury findings that his conduct violated the order." (Report, ECF No. 28, PageID 1769). In his Amended Traverse Petitioner asserted protection orders similar to the one he signed are "boilerplate" and in any event one cannot waive substantive rights (Report, ECF No. 28, PageID 1769-70). Petitioner cited no authority for those assertions and ignored the fact that the protective order was an order of the domestic relations court, whether or not it was "boilerplate". *Id.* at PageID 1770. The Report also recommended upholding respondent's *res judicata* defense which had been imposed by the Second District when Allen did not appeal from imposition of the narrowed community control conditions. *Id.* at PageID 1772-73. Finally, the Report noted that *Counterman* was an available precedent when Allen's case was before the Second District, but he did not cite it there as creating an exception to *res judicata*. *Id.* at PageID 1773.

The Court's Decision and Order dismissing the Petition accepted the Report's conclusion that Petitioner's claims were barred by *res judicata* (Decision, ECF No. 35). The instant Motion presents no argument that this Court's *res judicata* analysis was in error. Allen had an opportunity

to argue *Counterman* to the Second District and did not do so. That court applied Ohio *res judicata* doctrine and held the argument barred. The Sixth Circuit has repeatedly held that Ohio's *res judicata* doctrine is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Petitioner's *Counterman* claim has been held barred by *res judicata* by the Ohio Second District Court of Appeals. The Court's Decision and Order correctly finds the Petition barred by procedural default on that basis. The Motion to Amend should therefore be denied.

September 1, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #