**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| RYAN ALLEN, | : | |
| | : | |
| Petitioner, | : | Case No. 3:25-cv-354 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| WARDEN, | : | Magistrate Judge Michael R. Merz |
| Madison Correctional Institution, | : | |
| | : | |
| Respondent. | : | |

---

**ENTRY AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (ECF NO. 38); OVERRULING PETITIONER'S RESPONSE TO MAGISTRATE JUDGE MICHAEL MERZ'S REPORT AND RECOMMENDATION (ECF NO. 39); AND DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT (ECF NO. 37)**

---

This habeas corpus action under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion to Alter or Amend the Judgment (ECF No. 37). The Magistrate Judge filed a Report and Recommendations recommending the Motion be denied on September 1, 2026 (the "Report," ECF No. 38). Petitioner has filed timely objections, labeled "Response" (ECF No. 39). As required by Fed. R. Civ. P. 72, the Court has conducted a *de novo* review of the Report with particular attention to Petitioner's objections.

Although the Motion and Report were both filed while this case was assigned to District Judge Walter H. Rice, the case has since been re-assigned to the undersigned. This does not affect the legal status of the filings.

Petitioner's claim, as the Court understands it, is that the original protection order entered by consent in Petitioner's domestic relations case is unconstitutional under *Counterman v. Colorado*, 600 U.S. 66 (2023). Respondent defended on the basis of the invited error doctrine

because Petitioner had consented to the allegedly unconstitutional restriction and had not appealed from its imposition. The Magistrate Judge recommended accepting that defense and Judge Rice agreed (Decision and Entry, ECF No. 35, PageID 1821). He also accepted the State's *res judicata* defense. *Id.* On those bases, he dismissed the Petition (Judgment, ECF No. 36).

In his Motion to Amend the Judgment, Petitioner asserted the Court had erred as a matter of law by not applying *Counterman*. The Report notes that the *Counterman* decision was available to be cited to the Second District on appeal in this case as an exception to Ohio *res judicata* doctrine, but Petitioner did not do so.

Petitioner now argues *Counterman* was not available to him to argue to the Second District because it was decided June 27, 2023, four months after Petitioner's conviction, and not declared to be retroactive until *In re Rendelman*, 129 F.4th 248 (4th Cir. Feb. 1, 2025), almost two years later.

The relevant chronology is that Petitioner was found to have violated his community control conditions and sentenced to the imprisonment he is now serving on September 24, 2023 (Judgment Entry, State Court Record, ECF No. 17, Ex. 37). That was almost three months after *Counterman* was decided. Petitioner's brief on appeal was not filed until February 29, 2024, eight months after *Counterman* was handed down, but it is not cited (See Brief, State Court Record, ECF No. 17, Ex. 49, PageID 463). Petitioner was represented by counsel on his appeal to the Ohio Supreme Court. His attorney cited *Counterman*, but the Court declined jurisdiction.

Petitioner cited *Counterman* and *Rendelman* in his Motion to Set Aside Judgment filed September 12, 2025 (State Court Record, ECF No. 17, Ex. 94). In denying that Motion, Judge Rastatter distinguished *Counterman* by noting that, unlike the defendant there, Petitioner was on

community control when he committed the acts for which he was sentenced (Entry, State Court Record, ECF No. 17, Ex. 95).

Although Fourth Circuit decisions are not binding precedent in the Sixth Circuit, the Court agrees that *Rendelman* correctly applies *Teague v. Lane*, 489 U.S. 288 (1989), to the new substantive rule of constitutional law announced in *Counterman.* But that does not dispose of the distinction made by Judge Rastatter between conduct which violates a criminal statute punishing threats and conduct which violates a condition of probation. As the Magistrate Judge noted in an earlier Report in this case, a judge may impose and enforce conditions of probation which could not constitutionally be imposed on the general public. *Counterman* speaks to a statutory prohibition, not to a probation condition.

In sum, the Court finds Petitioner's Motion to Amend the judgment to be without merit. The Magistrate Judge's Report is adopted and Petitioner's objections are overruled. This case will remain closed on the docket of this Court. Petitioner has offered no persuasive argument for changing the Court's prior denial of a certificate of appealability; he may apply for such a certificate from the Sixth Circuit.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, September 28, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE